Kurt STRAUSS

v.

DELTA AIRLINES, INC.,

and

Douglas Aircraft Company, Inc.

Civ. A. No. 30610.

United States District Court
E. D. Pennsylvania.

April 9, 1962.

Milton M. Borowsky, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Michael van Beuren, Robert E. Jones, Rawle & Henderson, Philadelphia, Pa., for defendant Delta Air Lines, Inc.

Owen B. Rhoads, Arthur E. Newbold, III, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant Douglas Aircraft Company, Inc.

LUONGO, District Judge.

On May 12, 1960, plaintiff was a passenger on an aircraft owned and operated by defendant Delta Airlines, Inc. and manufactured by defendant Douglas Aircraft Company, Inc. As the aircraft approached Miami, Florida it encountered turbulence. Plaintiff's seat belt was fastened but because of an alleged defect in the seat or the belt, he was thrown out of his seat causing the injuries which are the subject matter of this complaint. No part of the manufacture or assembly of the seat belt took place in Pennsylvania.

On December 27, 1961 a petition was presented to a judge of this Court to authorize service of the summons and complaint, pursuant to sub-section 1011, subd. B of the Business Corporation Law, 15 P.S. § 2852–1011, subd. B, on Douglas Aircraft Company, Inc. by transmitting a copy thereof by registered mail to the Secretary of the Commonwealth of Pennsylvania and to defendant Douglas Aircraft Company, Inc. On the same day an Order granting said petition was entered and service was effected in that manner. Thereafter, defendant Delta Airlines, Inc. filed a cross-claim against Douglas Aircraft Company, Inc. seeking indemnity or contribution in the event of a recovery by plaintiff. That cross-claim was served on counsel for Douglas Aircraft Company, Inc. in Philadelphia, Pennsylvania. The validity of the service of the cross-claim stands or falls with the service of the original complaint.

Defendant Douglas Aircraft Company, Inc. has moved to dismiss plaintiff's com-

plaint and the cross-claim made against it by defendant Delta Airlines, Inc. on the ground that the Court has no jurisdiction over it. Because no more is necessary to the decision of the matter before the Court, we shall regard Douglas' motion as one to quash the service of process. So regarded, the motion will be granted. In Rufo v. The Bastian-Blessing Co., 405 Pa. 12, 173 A.2d 123 (1961) the Supreme Court of Pennsylvania enunciated the rule that

> "Through the medium of section 1011, subd. B, the legislature has validated service upon a non-registered foreign corporation by service upon the Secretary of the Commonwealth only in a restricted area, i. e., where the action arose out of acts or omissions of the corporation within the Commonwealth *and* where a corporation has 'done business' in Pennsylvania within the meaning of Section 1011, subd. C.

> "Under the language of Section 1011, subd. B, the commission of 'acts' or 'omissions' on the part of the foreign corporation is a jurisdictional sine qua non."

It is conceded by plaintiff that the action does not arise out of acts or omissions of Douglas Aircraft Company, Inc. within the Commonwealth. That being so, under the Rufo ruling, service of process must be quashed.

It has been suggested that service could have been made on Douglas Aircraft Company, Inc. under the provisions of Rule 2180 of the Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix, and, therefore, this Court has jurisdiction. Since service has not been made under Rule 2180 the validity of any service pursuant thereto is not now before the Court.

### ORDER

AND NOW, this ninth day of April, 1962, it is ORDERED that the service of process by registered mail on defendant Douglas Aircraft Company, Inc. through the Secretary of the Commonwealth of Pennsylvania pursuant subsection 1011, subd. B of the Business Corporation Law (15 P.S. § 2852–1011, subd. B) and it is hereby Quashed.